```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION
```

LISA PERSLEY, executrix of the )
estate of Henry Persley, )
deceased ) Civil Action No. 5:10-CV-308-JMH
 )
    Plaintiff, )
 ) **MEMORANDUM OPINION AND ORDER**
v. )
 )
CHARLES LEE, M.D. )
 )
    Defendant. )

                      \*\* \*\* \*\* \*\* \*\*

Defendant has filed a Motion to Dismiss or, in the alternative, Stay [Record No. 7]. Plaintiff has filed a Response [Record No. 9] to which Defendant has filed a Reply [Record No. 10]. This motion is now ripe for review.

**I.    PROCEDURAL HISTORY**

Plaintiff, as executrix of the estate of Henry Persley, avers she had a contract with Defendant, a cardiovascular surgeon, pursuant to which the Defendant would give an opinion in a wrongful death medical malpractice action in Fayette County, Kentucky Circuit Court ("Fayette Circuit Court"). [Record No. 1, paras. 6-7]. While Defendant gave a professional opinion as to alleged negligence involved in Persley's death, Plaintiff avers that Defendant failed to show up at depositions leading to the eventual dismissal of Plaintiff's case against one of the Defendants. *Id*. at paras. 8-10.

On February 22, 2006, Plaintiff filed a breach of contract

action against Defendant in the Fayette Circuit Court. *Id.* at para. 11. Plaintiff avers that Defendant received service via the Kentucky Secretary of State's office but failed to enter an answer to the complaint leading to the entry of default and subsequent default judgment against Defendant on March 29, 2005. *Id.* at para. 12. When Plaintiff went to Jackson County, Missouri to enforce the default judgment against Defendant, the Jackson County Circuit Court ("Jackson Circuit Court") entered a final personal judgment against Defendant and began to garnish Defendant's bank account despite Defendant's argument during hearings that he did not receive notice or valid service of process in the underlying case in Fayette County, Kentucky. *Id.* paras. at 15-16. Defendant contemporaneously filed an appeal of this decision with the Missouri Court of Appeals and a Motion to Vacate Default Judgment in the Fayette Circuit Court. The Fayette Circuit Court entered an Order Setting Aside Default Judgment for lack of service of process on June 22, 2007. *Id.* at para. 20.

Plaintiff, however, avers that "the June 22, 2007 Order concerned the very same issues that were fully and properly considered and decided by the Jackson Circuit Court on February 21, 2007, yet the Fayette Circuit Court failed to give full faith and credit to the decision of its sister state." *Id.* at para. 22. Plaintiff, therefore, has come to this Court seeking a declaratory judgment that:

>    (1) the Fayette County, Kentucky Circuit Court was obligated under Title 28, United States Code, § 1738 to give Full Faith and Credit to the Jackson County, Missouri Circuit Court's prior ruling as to the validity of service of process upon Defendant and the validity of the Default Judgment and that (2) the original entry of Default Judgment was proper and that therefore Plaintiff is entitled to a Personal Judgment against Defendant . . . .

[Record No. 1, p. 6]. Defendant argues in its Motion to Dismiss this Court does not have subject-matter jurisdiction, pursuant to *Colorado River* abstention doctrine or, in the alternative, this Court should dismiss the action for failure to state a claim as it cannot offer relief under *Rooker-Feldman* doctrine, or in the alternative, stay its involvement pending resolution of the state court case. *See generally* [Record No. 7-1].

## II. ANALYSIS

### A. This Court finds that neither *Colorado River* abstention nor *Rooker-Feldman* doctrine applies in this case.

A district court has a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "Considerations of judicial economy and federal-state comity [, however,] may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Id*. Defendant's motion to dismiss for lack of subject-matter jurisdiction resulting from *Colorado River* abstention doctrine fails, however, as Plaintiff's federal action requesting a declaratory judgment and Plaintiff's

3

state action for breach of contract and professional negligence are not parallel proceedings. In order to apply *Colorado River* abstention doctrine, "the presence of a *parallel*, state proceeding" is necessary. *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984) (emphasis in original). These proceedings do not have to be exactly alike but rather, "it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Plaintiff's state action remains open and addresses the question of whether Defendant breached a contract or committed negligence. [Record No. 1]. Plaintiff's federal action, while collaterally attacking an order in Plaintiff's state action, has nothing to do with the question of contracts and negligence but rather, looks for a declaration that the state court made an error in Plaintiff's state action. *Id.* Thus, Defendant has not shown the federal and state proceedings are substantially similar and this Court shall not apply *Colorado River* abstention to this case.

While Defendant correctly argues that a lower federal court may not review final state court judgments, the matter before this Court has not become final. Thus, the *Rooker-Feldman* doctrine does not apply. The *Rooker-Feldman* doctrine precludes this Court "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The Supreme Court, however, has recently limited this doctrine's

application solely to cases where "the losing party in state court filed suit in federal court **after the state proceedings ended**, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (emphasis added). While the Sixth Circuit has held since 2003 the doctrine applies in pre-judgment matters, it has not revisited this issue post-*Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280. Other circuits, however, have held that *Exxon Mobil Corp.* makes it clear that the *Rooker-Feldman* doctrine does not apply to interlocutory orders. *See Nicholson v. Shafe*, 558 F.3d 1266, 1276-77 (11th Cir. 2009) ("[T]he . . . Sixth Circuit[] lacked the benefit of the analysis in *Exxon Mobil*, in which the Supreme Court 'confined' the application of the *Rooker-Feldman* doctrine to cases resembling *Rooker* and *Feldman* where the 'state proceedings ended.'"); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) ("Therefore, under the Supreme Court's recent ruling [in *Exxon Mobil*], the *Rooker-Feldman* doctrine is not applicable to this lawsuit because the Kentucky court's judgment was not rendered before the district court proceedings commenced."); *see generally* Dustin E. Buehler, Revisiting *Rooker-Feldman*: Extending the Doctrine to State Court Interlocutory Orders, 36 Fla. St. U. L. Rev. 373 (2009) (discussing the circuit split on whether *Rooker-Feldman* bars suit to challenge state interlocutory orders in light

of *Exxon Mobil*). In the matter presently before the Court, state proceedings have not ended in the Fayette Circuit Court. Rather, the proceedings are just beginning as a result of the Circuit Court's Order Setting Aside Default Judgment. [Record No. 1, para. 21]. Applying *Exxon Mobil Corp.*, this Court shall deny Plaintiff's Motion to Dismiss based on the *Rooker-Feldman* doctrine for failure to state a claim.

 **B. The Court shall, however, exercise its discretion not to consider this request for a declaratory judgment.**

District courts, however, have the discretion to determine whether they will consider a Plaintiff's request for a declaratory judgment. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004). As the Supreme Court has held, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Thus, this Court must consider the following factors in determining whether to entertain Plaintiff's request for a declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an

6

> alternative remedy that is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Based upon these factors, the Court shall determine whether it will exercise its discretion to entertain Plaintiff's request for a declaratory judgment based on the general principles underlying the Declaratory Judgment Act. *Id*. (citation omitted) ("The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.").

### 1. The declaratory action would not settle the controversy regarding the parties.

Any declaratory judgment by this Court would not determine the controversy regarding the rights of the parties involved. As an initial matter, the Court finds Plaintiff's argument that his request for a declaratory judgment concerns only the "*propriety* of the Kentucky Court reconsidering the Missouri Court's decision . . . ; not whether the Kentucky Court's ruling on the default judgment was proper on the merits" disingenuous at best. [Record No. 9]. Beside requesting that this Court declare that the Fayette Circuit Court should give Full Faith and Credit to the Jackson Circuit Court ruling, Plaintiff also requests a declaration stating "the

7

original entry of Default Judgment was proper and that . . . Plaintiff is entitled to a Personal Judgment against Defendant in the amount of [$1,266,638.90]." [Record No. 1]. Thus, Plaintiff does not seek to address the propriety of a state court decision but rather, wishes this Court to declare an order vacating default judgment was wrong and that a previous default judgment is reinstated.

Even if this Court issued a declaratory judgment to that effect, however, it would do nothing to settle the controversy regarding the propriety of the Fayette Circuit Court's decision or the default judgment Plaintiff hopes to get reinstated. Federal courts must be reluctant to expand their jurisdiction as "lower federal courts are courts of limited jurisdiction and possess only those powers granted to them by Congress." *Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011) (citation omitted). Congress, however, has granted jurisdiction to review final state court judgments exclusively to the Supreme Court. 28 U.S.C. § 1257. Thus, this Court does not have the jurisdiction to declare the Fayette Circuit Court's order improper or to reinstate a default judgment. As a result, any declaratory judgment saying the same would have no effect on the ultimate controversy between the parties and this factor militates in favor of this Court exercising its discretion to dismiss this case.

### 2. The declaratory action would not serve a useful purpose in clarifying the legal relations in issue.

Furthermore, the declaratory action requested by Plaintiff would only confuse the legal relations at issue rather than clarify them. The Sixth Circuit has held that "the useful purpose served by the declaratory judgment action is the clarification of legal duties for the future, rather than the past harm." *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004). The legal duties of the parties, however, has never been more clear. The default judgment obtained in the Fayette Circuit Court, which Plaintiff wishes this Court to reinstate through a declaratory judgment, no longer exists. [Record No. 9-2, p. 2] ("[T]he Court's Default Judgment of March 29, 2005 . . . is **SET ASIDE** and held for naught."). In addition, the Fayette Circuit Court has ordered the parties "[t]hat this matter shall proceed on the merits." *Id.* Thus, the legal relationship between Plaintiff and Defendant could not be clearer, as set forth by the Fayette Circuit Court. Should Plaintiff wish to move forward, Plaintiff must proceed on the merits against Defendant in the Fayette Circuit Court and a declaratory action would not clarify the legal relations between Plaintiff and Defendant. This factor, therefore, also militates in favor of dismissal without prejudice.

### 3. The declaratory remedy is being used merely for the purpose of "procedural fencing."

In fact, Plaintiff's request for a declaratory judgment is nothing more than "procedural fencing." The Supreme Court has held that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). Thus, the Sixth Circuit has held that "an attempt to have the federal courts do what the state court has already refused to do" is nothing more than procedural fencing. *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Plaintiff's requested declaratory judgment, however, is an attempt to do exactly that. The Fayette Circuit Court has already ordered the default judgment set aside and refused to enforce it. [Record No. 9-2, p. 2]. As previously stated, this requested declaratory judgment is a veiled attempt to ask this Court to enforce this default judgment. *See supra* Part II.B.1. Thus, Plaintiff's request amounts to procedural fencing and this factor weighs heavily in favor of dismissing Plaintiff's complaint.

### 4. The use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.

Thus, Plaintiff's requested declaratory judgment would cause unnecessary friction between the federal and state courts by encroaching upon state jurisdiction with little justification. The

Sixth Circuit has held in diversity actions "where a state court has already accepted jurisdiction over the subject matter of the lawsuit" and "when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner[,]" the acceptance of jurisdiction regarding a declaratory judgment on the matter is questionable. *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986). In the matter before the Court, there is no doubt that the Fayette Circuit Court has accepted jurisdiction over the subject matter of this lawsuit in its ruling regarding the default judgment. In addition, the question about the effect of the Full Faith and Credit statute, while involving a federal statute, is governed by the state law principles of claim and issue preclusion. *See Corzin v. Fordu* (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999) (holding that the Full Faith and Credit statute, 28 U.S.C. § 1738, requires a court to "accord a state court judgment the same preclusive effect that the judgment would have in a state court"). As Plaintiff has failed to show that the Fayette Circuit Court "is not in a position to define its own law in a fair and impartial manner," Plaintiff's complaint is a diversity action where a state court has accepted jurisdiction to decide matters of state law without a showing of unfairness or partiality. *Evans*, 791 F.2d at 63. Plaintiff's requested declaratory judgment,

therefore, would be an improper encroachment upon state jurisdiction and this factor also militates in favor of dismissal.

### 5. An alternative remedy which is better or more effective exists.

Finally, Plaintiff has a ready alternative remedy that would be more effective at granting the relief requested, namely a timely appeal in the Kentucky state court. The Sixth Circuit considers "[t]he existence of a coercive action [as] important to [the] determination that [a] declaratory action would serve no useful purpose." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004). It is undisputed that the outcome of the state court action has not yet been settled. [Record No. 7-1]. Regardless of whether Plaintiff has advanced the case or not, as argued by Defendant, another venue exists to determine the outcome of this default judgment, especially in light of the state law concepts involved in the analysis. Thus, Plaintiff has a more effective remedy, namely the Kentucky state court system, to settle these issues.

## III. CONCLUSION

While *Colorado River* abstention and the *Rooker-Feldman* doctrine do not apply, all five factors used to determine when a district court should exercise jurisdiction over a declaratory judgment militate in favor of dismissing Plaintiff's case. The judgment would not settle the controversy nor would it serve a useful purpose in clarifying the legal relations at issue. Instead, Plaintiff is attempting to use the declaratory judgment

action for "procedural fencing." Furthermore, the granting of this declaratory judgment would increase the friction between state and federal courts by forcing it to encroach on the Fayette Circuit Court's jurisdiction while the Fayette Circuit Court continues to offer Plaintiff a proper venue to decide this case. This Court, therefore, upon its own motion, shall order Plaintiffs to show cause why this Court should not dismiss Plaintiff's complaint without prejudice.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED**:

(1) that Defendant's Motion to Dismiss [Record No. 7] is **DENIED**; and

(2) that Plaintiff shall **SHOW CAUSE** within thirty (30) days why this Court should not dismiss Plaintiff's complaint without prejudice as set forth above.

This the 17th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge