```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON DIVISION**

LISA PERSLEY, executrix of the  )
estate of Henry Persley,        )
deceased                        ) Civil Action No. 5:10-CV-308-JMH
                                )
     Plaintiff,                 )
                                )  **MEMORANDUM OPINION AND ORDER**
v.                              )
                                )
CHARLES LEE, M.D.               )
                                )
     Defendant.                 )

                 **       **       **       **       **

This case is before the Court on Plaintiff's Motion for Leave to File Amended Complaint [Record No. 13], her Response to the Court's Show Cause Order of May 17, 2011 [Record No. 12, 14], and upon the Court's own motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), as articulated below.  In evaluating these motions, the Court notes, as well, Defendant's Response [Record No. 16], stating his opposition to Plaintiff's Motion for Leave to File Amended Complaint and his Reply to Plaintiff's Response to the Court's Show Cause Order of May 17, 2011 [Record No. 15].

This case has long troubled the Court.  It is one of those situations where something is just not right.  Time and time again the Court has reviewed the record in an attempt to pin down the problem and, now, no thanks to the pleadings of either party, knows just what the trouble is.  Plaintiff does not want anything from the named Defendant.

Rather, Plaintiff's Complaint prays, as follows:

> For a declaratory judgment that (1) the Fayette County, Kentucky Circuit Court was obligated under Title 28, United States Code, § 1738 to give Full Faith and Credit to the Jackson County, Missouri Circuit Court's prior ruling as to the validity of service of process upon Defendant and the validity of the Default Judgment and that (2) the original entry of Default Judgment was proper and that therefore Plaintiff is entitled to a Personal Judgment against Defendant in the amount of One Million Two Hundred Sixty Six Thousand Six Hundred Thirty Eight Dollars and Ninety cents ($1,266,638.90), together with interest at the rate of twelve percent (12%) per annum, beginning March 29, 2005.

[Record No. 1]. Plaintiffs tendered Amended Complaint would pray, as follows:

> For a declaratory judgment that (1) the Fayette County, Kentucky Circuit Court was obligated under Title 28, United States Code, § 1738 to give Full Faith and Credit to the Jackson County, Missouri Circuit Court's prior ruling as to the validity of service of process upon Defendant and the validity of the Default Judgment and that (2) the Final Personal Judgment entered by the Circuit Court of Jackson County, Missouri is a valid and enforceable judgment.

[Record No. 13-1]. Simply stated, Plaintiff does not ask the Court to state anything about the actions taken by Defendant nor does she ask the Court to order Defendant to do anything at all. Rather, Plaintiff asks the Court to resolve whether the Fayette Circuit Court must, in evaluating Lee's requests for relief before it, yield to the decision of the Missouri court, and whether it failed to do so. *See* [Record No. 9-2]. Insofar, as Plaintiff seeks

relief against the Fayette Circuit Court and not Defendant, she makes no effort to obtain relief from Charles Lee and, in the absence of any claim against him, the "claim" against him shall be dismissed for failure to state a claim.[1]

As to her concerns about the propriety of the Fayette Circuit Court's actions, her claim for relief must be resolved in a different action. She might do so through process available to her in the Courts of the Commonwealth, whether through motion practice before the Fayette Circuit Court, appeal to the Kentucky Court of Appeals, or by application for an appropriate writ before a court authorized to issue such a writ if it sees fit to do so.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Leave to File Amended Complaint [Record No. 13] is **DENIED**;

(2) that this Court's Show Cause Order of May 17, 2011 [Record No. 12] is **DISCHARGED**;

(3) that Plaintiff shall **SHOW CAUSE** within 10 days of entry

---

[1] For the same reasons, her Motion to Amend is futile. As in her originally filed Complaint, she makes no effort in the tendered Amended Complaint to request any sort of relief from this Court as to Defendant. See Fed. R. Civ. P. 15(a); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) (citations omitted) (holding that motion to amend may be denied as futile where "complaint, as amended could not withstand a motion to dismiss").

of this order why her Complaint [Record No. 1] should not be dismissed.

This the 19th day of August, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge